# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**JAMES RICHARDSON, individually and as a Representative of a Class of all similarly situated others**

    **Plaintiff,**

v.                                                                                  Case No: 5:13-cv-106-Oc-10PRL

**CITY OF FRUITLAND PARK, FLORIDA and TERRY ISAACS**

    **Defendants.**

## ORDER

Pending before the Court is non-party Charles W. Rector, Jr.'s Motion to Quash Subpoena, filed *pro* se. (Doc. 44). Plaintiff has responded. (Doc. 46).

Plaintiff has brought this action pursuant to 42 U.S.C. § 1983, alleging various violations of constitutional rights, including First Amendment Retaliation. (Doc. 2 at 1). Plaintiff's allegations include claims of retaliation by various officials of the City of Fruitland Park, including Mayor Chris Bell.

On July 27, 2013, through counsel, Plaintiff served a subpoena on Mr. Rector seeking production of documents. Generally, the subpoena seeks (a) copies of payments received by Mr. Rector's construction company for services rendered for property owned by Mayor Bell; (b) copies of documents reflecting construction services rendered for property owned by Mayor Bell; and (c) a copy of the most recent annual report filed with the Florida Department of State for Mr. Rector's corporation. (Ex. A to Doc. 46).

- 2 -

Mr. Rector then filed a two sentence Motion to Quash Subpoena, simply arguing that it is "unreasonable and oppressive as it subjects Petitioner to undue expense, and requires disclosure of Petitioner's private commercial information." (Doc. 44).

It his response, Plaintiff argues that Mr. Rector waived all objections to the subpoena by filing his objections late. Plaintiff contends that, pursuant to Fed. R. Civ. P. 45(c)(2)(B), Mr. Rector should have objected to the subpoena fourteen (14) days after receipt. Mr. Rector's motion was filed August 14, 2013, more than fourteen (14) days after he was served the subpoena.

Defendant also argues that Mr. Rector does not state with specificity how producing business records for one transaction would be "oppressive" and subject him to "undue expense." Plaintiff argues that objections that simply state that a discovery request is "vague, overly broad, or unduly burdensome," are, by themselves, meaningless, citing *Melinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691, 695 (S.D. Fla. 2007).

Under Fed. R. Civ. P. 45(c)(3)(A), on timely motion, courts must quash or modify a subpoena if certain conditions apply, including if the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies," or if it "subjects a person to undue burden." The Court may also quash a subpoena if it requires disclosure of confidential commercial information. Fed. R. Civ. P. 45(c)(3)(B)(i). In this case, Mr. Rector raises these objections in a conclusory manner, but fails to make any explanation or showing that they apply to the subpoena served upon him by Plaintiff.

Accordingly, petitioner Charles W. Rector's Motion to Quash Subpoena (Doc. 44) is Denied without prejudice. Within fourteen (14) days of the date of this Order, petitioner shall either comply with the subpoena or refile his Motion to Quash Subpoena demonstrating with

- 3 -

specificity why the subpoena is due to be quashed pursuant to Fed. R. Civ. P. 45. If petitioner chooses to refile the Motion to Quash within the time permitted, he is not required to comply with the subpoena until or unless directed to do so by the Court.

**DONE** and **ORDERED** in Ocala, Florida on August 28, 2013.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties